UPPER PENINSULA CHILDRENS' LEGAL SOLUTION

Eastern District of Michigan
Clerk of Courts
Hand Delivery

RE: Notification of Suspension of Attorney Nicholas Tselepis for 30 days in Michigan

Judges, Clerks, and all relevant parties of the Eastern District of Michigan-

My name is Nicholas Tselepis and my Michigan Bar Number is P80909. I was admitted to practice in front of the Eastern District of Michigan for a prior job. I do not have any present cases in the Eastern District and have not practiced in the Eastern District since early 2023.

On August 27, 2025 my law license will be suspended in the State of Michigan pursuant to the attached findings and order in Attorney Discipline Board case 24-81-GA. I write to notify the Eastern District of this suspension and request that any reciprocal action which I am subject to in the Eastern District be imposed against me.

I can be reached at PO Box 3, Caro MI, 48723. 313-600-2630, or Tselepisnick@gmail.com during the period of suspension.

I Remain Truly Yours

*[signature]*

Nicholas A. Tselepis

**FILED**
AUG 25 2025
U.S. DISTRICT COURT
FLINT, MICHIGAN

ADB
05/12/2025

```
 1                    STATE OF MICHIGAN

 2                ATTORNEY DISCIPLINE BOARD

 3

 4   GRIEVANCE ADMINISTRATOR,

 5   Attorney Grievance Commission,

 6        Petitioner,                  Case No. 24-81-GA

 7   vs.

 8   NICHOLAS A. TSELEPIS, P80909,

 9        Respondent.
10   _____/
11
12             Upper Peninsula County Hearing Panel #2,
13             Virtual Hearing in the Matter of
14             Nicholas A. Tselepis,
15             Taken via Hanson Remote,
16             Commencing at 12:30 p.m.,
17             Monday, May 12, 2025,
18             Before Susannah Gorman, CSR-9271, RPR.
19
20
21
22
23
24
25
```



hansonreporting.com
313.567.8100

ADB
05/12/2025
Pages 2..5

## Page 2

```
 1   PANEL MEMBERS:
 2
 3   Thomas P. Casselman, Chairperson
 4   Richard C. Clark, Member
 5   Suzanne C. Larsen, Member
 6   Pamela Linville, Esq., Attorney Grievance Commission
 7
 8   ALSO PRESENT:
 9   Jodie Groh, Case Manager
10   Nicholas A. Tselepis, Respondent
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

## Page 3

```
 1   Remote hearing
 2   Monday, May 12, 2025
 3   12:30 p.m.
 4        MR. CASSELMAN:  Good afternoon, Counsel.
 5        MS. LINVILLE:  Good afternoon.
 6        MR. CASSELMAN:  This is a continuation of
 7   the hearing on discipline in the matter of the
 8   Grievance Administrator versus Nicholas Tselepis,
 9   Case No. 24-81-GA.  This hearing is being convened
10   virtually via Zoom Videoconferencing before Upper
11   Peninsula Hearing Panel 2 of the Michigan Attorney
12   Discipline Board in order that the proceedings are
13   made available to and for the public viewing.
14        The panel is comprised of Thomas P.
15   Casselman, chairperson; Richard C. Clark, member; and
16   Suzanne C. Larsen, member.  The purpose of this
17   hearing is for the panel to publicly render its
18   findings, verdict, if you will, concerning the
19   discipline trial hearing completed May 1, 2025.  It is
20   the intention of the chairperson to describe the
21   nature, in lay terms, of each of the seven charges and
22   to announce the finding as to each with explanation.
23        It is ordered that misconduct is found as
24   to Count 1, Specification Michigan RPC 3.6A 1
25   through 3, for the reasons that Respondent had been
```

## Page 4

```
 1   involved in the investigations of the Defendant Brian
 2   Helfert matters.  Respondent, by his published article
 3   and e-mail, had made extra judicial statements that he
 4   intended to be disseminated by the media to the
 5   citizens of Menominee County.  Respondent, by such
 6   published statements, established a substantial
 7   likelihood of materially prejudicing two pending
 8   adjudicative proceedings: the sentence, slash, plea
 9   bargain.  And the bargain, if rejected by the Court
10   and Defendant Helfert withdrew his plea, as he did,
11   and trial was set, the statement's likelihood of
12   materially prejudicing the jury pool was probable.
13        Respondent's article and e-mail contained
14   statements referring to a criminal matter, referenced
15   them at character, credibility, and reputation of a
16   party and an uncharged third party referenced
17   inadmissible evidence of the Defendant's past criminal
18   record and referred to Defendant Helfert's guilt
19   without a qualifying reference to the Defendant's
20   presumption of innocence.
21        Respondent claimed in his defense he fell
22   under the free speech protection of the safe harbor
23   provisions of the MRPC 3.6, which requires, to be free
24   speech protected, that any such extrajudicial
25   statements be general and not elaborate in nature.
```

## Page 5

```
 1   The panel found Respondent's statements were very
 2   specific and highly elaborate and thus were not free
 3   speech protected.
 4        Respondent also claimed in his defense, as
 5   to Michigan Rule of Professional Conduct 3.6, was void
 6   for vagueness as there are no rules defining "general"
 7   and "elaborate," and thus there was no specific
 8   definition of what language was prohibited.  The panel
 9   concluded that if a person of average intelligence
10   could define what "general" and "elaborate" meant, the
11   Respondent, who is described as a University of
12   Michigan graduate cum laude and a Wake Forest Law
13   School member of the Order of the Coif, would know
14   that his statements were elaborate and not general in
15   nature.
16        Respondent also claimed in his defense that
17   he had a free speech right stemming from the Comment
18   section of MRPC 3.6 to warn the public of two dangers
19   in their community.  Possible corrupt law enforcement
20   and an early release by plea bargain would set loose
21   the Defendant to molest the male youth of the county.
22   The panel concluded, from the testimony of Prosecutor
23   Rogg, the published letters of Citizen Grinsteiner,
24   Citizen Buydent (phonetic), that the community was
25   already well aware of the Helfert matter for months,
```

Page 6

1  if not years.
2         Respondent's warning was too late and
3  unnecessary. In football, it was a piling on, a late
4  hit, out of bounds, and thus he had no free speech
5  right to warn as the public already knew. The panel
6  engaged in a balancing of Respondent's claimed free
7  speech rights versus the probable prejudicing of the
8  Defendant's fair trial right and concluded that no
9  single aspect of government is greater than the manner
10 in which its criminal trials are conducted.
11        Prejudicing a fair trial is prohibited.
12 Few, if any, interests under the Constitution are more
13 fundamental than the right to a fair trial by an
14 impartial jury. In this instance, the panel, having
15 weighed the two rights, found the Respondent's claim
16 of free speech wanting and found misconduct as to
17 MRPC 3.6A.
18        Second, MRPC 1.6A requires an
19 attorney-client relationship and that the attorney not
20 reveal confidences or secrets of the client that might
21 cause harm or embarrass the client or would inure to
22 the attorney gain. It is ordered that misconduct is
23 not found as to Count 1, Specification 1.6A, for the
24 reasons that the statements of the Respondent were not
25 revelations of confidence or secrets. They were known

Page 7

1  or could have been known by Freedom of Information
2  requests and had been a matter of public testimony
3  under oath in a court proceeding prior to Respondent's
4  hiring. Public information is not secret and is free
5  speech protected. The necessary burden of proof is
6  5149 defined misconduct. That burden was not carried
7  by the Attorney Grievance Administrator.
8         The next charge is Michigan Rule of
9  Professional Conduct 4.4. In that circumstance, it
10 requires an attorney-client relationship and that the
11 attorney, not in effect, use his skills solely for
12 harm or embarrassment or to burden or delay a third
13 person. It is ordered that misconduct is not found as
14 to Count 1, Specification 4.4, for the reason that
15 Respondent did have the County as a client, even after
16 he was terminated, but Respondent had a purpose other
17 than to solely embarrass, harm, or burden the
18 third-party sheriff.
19        The panel concluded the purpose of bringing
20 into the light of day evidence of possible law
21 enforcement corruption was an equally laudable
22 concept, and for that reason the Petitioner did not
23 carry his burden of proof, 5149.
24        The next charge comes from the Michigan
25 Court Rules, 9.10410. This circumstance defined

Page 8

1  misconduct requires that once a grievance has been
2  filed, it is misconduct for a respondent to ask the
3  complainant to withdraw the grievance, to ask the
4  complainant not to cooperate with the administrator or
5  to ask if there is a finding, that it, in effect, be
6  sealed.
7         It is ordered that misconduct is not found
8  as to Specification Michigan Court Rule 9.10410 for
9  the following reason: The panel found two equally
10 compelling theories existed in the text messages and
11 testimony. One, withdraw the grievance, or, two, give
12 Respondent a letter clarifying he had not been
13 terminated for sexual impropriety. Prosecutor Rogg
14 testified it was a mistake to have said, in his
15 request for information, "Respondent was fired for
16 sexual impropriety."
17        The panel found two pieces of, in effect,
18 smoking-gun evidence were not produced by the
19 administrator, the burden of proof being this: The
20 testimony of the alleged sexually involved woman and
21 the letter of clarification Prosecutor Rogg finally
22 wrote months after promised. The panel wondered if
23 its contents, that letter, referenced "grievance" or
24 "sex." The burden of proof 5149 was not carried.
25        The next charge comes from the Michigan

Page 9

1  Court Rule 9.1041. Did Respondent improperly affect
2  the administration of justice? It is ordered that
3  misconduct is not found as to Count 1, Specification
4  9.1041, for the reason that the charge is duplicious.
5  It merely replicates the charge of prejudicing an
6  adjudicative matter as Respondent is already found
7  wanting in violation of 3.6. The charge is
8  unnecessary and repetitious. As the matter has been
9  considered, one such finding is sufficient. That
10 charge is dismissed as superfluous.
11        The next charge comes from the Michigan
12 Court Rule 9.1042. Did Respondent bring upon the
13 profession of law a feeling that the profession is
14 disgraceful, shameful, to be thought ill of? It is
15 ordered that misconduct is not found as to Count 1,
16 9.104, for the reason that there are two equally
17 compelling theories. Respondent's conduct could be
18 thought to have brought shame on the profession, or
19 his conduct was laudable in bringing evidence of
20 possible corruption in law enforcement to the public
21 eye. The burden of proof 5149 was not carried by the
22 Grievance Administrator.
23        Finally, Michigan Court Rule 9.1043. Was
24 Respondent's conduct immoral, unethical,
25 untrustworthy, dishonest? It is ordered that

Page 10

1  misconduct is not found as to Count 1, Specification
2  9.1043, for the reason that no substantial evidence
3  was produced showing Respondent's conduct was intended
4  to be immoral or unethical.  In fact, the evidence
5  produced was that he was truthful and honest in his
6  thought, though he used poor judgment as to 3.6A.  The
7  burden of proof was not carried by the Grievance
8  Administrator.
9         Wherefore, it is ordered that a Zoom media
10 hearing be set for the purpose of listening to both
11 counsels' arguments on aggravation and mitigation
12 regarding the discipline to be imposed.  "Aggravation"
13 means aggravation or "aggravating circumstances" are
14 any considerations or factors that may justify an
15 increase in the degree of discipline to be imposed.
16 Aggregation [sic] factors that the panel will consider
17 are, as listed in the panel handbook and the American
18 Bar Standards For Setting Discipline, at 9.219.22, but
19 will not hear an aggravation, those elements found at
20 9.4.
21        The elements of aggravation that we will
22 consider are a prior disciplinary offense, dishonest
23 or selfish motive, a pattern of misconduct, multiple
24 offenses, bad faith obstruction of a disciplinary
25 proceeding by intentionally failing to comply with

Page 11

1  rules or orders, submission of false evidence, false
2  statements or other deceptive practices during the
3  disciplinary process, refusal to acknowledge wrongful
4  nature of conduct, vulnerability of the victim,
5  substantial experience in the practice of law, and
6  indifference to making restitution.
7         It is ordered that the panel will accept in
8  mitigation those applicable elements found in the
9  panel handbook, in the American Bar Standards For
10 Setting Discipline, at 9.319.32; but, again, will not
11 hear in mitigation those elements found at 9.4.
12        "Mitigation" means any considerations or
13 factors that may justify a reduction in the degree of
14 discipline to be imposed.  The factors which may be
15 considered in mitigation are the absence of a prior
16 disciplinary record, the absence of dishonest or
17 selfish motive, personal or emotional problems, timely
18 good faith effort to make restitution or to rectify
19 consequences of misconduct, full and free disclosure
20 to the Disciplinary Board or cooperative attitude
21 toward the proceedings, inexperience in the practice
22 of law, character or reputation, physical or mental
23 disability or impairment, delay in disciplinary
24 proceedings, and interim rehabilitation.
25        Factors which are neither aggravating nor

Page 12

1  mitigating and will not be accepted are force to
2  compel restitution, agreeing to the client's demand
3  for certain improper behavior, withdrawal of the
4  complaint against the lawyer, resignation prior to
5  completion of disciplinary proceedings, Complainant's
6  recommendation as to sanction, and failure of the
7  injured client to complain.
8         It is ordered that the panel will hear the
9  recommendations of both counsel as to their thoughts
10 on what discipline and conditions should be imposed.
11 No further orders are made this day concerning
12 findings on discipline.  This proceeding will await a
13 hearing on mitigation and aggravation.  Thank you for
14 your attendance.
15        THE RESPONDENT:  Thank you, Your Honors.
16        MS. LINVILLE:  Thank you.
17        MS. LARSEN:  Chairman Casselman, I'm not
18 sure if everyone is wondering, does that conclude the
19 hearing?
20        MR. CASSELMAN:  It does.
21        MS. LARSEN:  Okay.  Thank you.
22        (The hearing was concluded at 12:55 p.m.)

Page 13

                    CERTIFICATE OF NOTARY
STATE OF MICHIGAN )
                  ) SS
COUNTY OF OAKLAND )

        I, Susanne Ellen Gorman, a Notary Public in
and for the above county and state, do hereby certify
that the above hearing was taken before me via virtual
technology; that this is a true, full, and correct
transcript of my stenographic notes so taken; and that
I am not related to, nor of counsel to either party,
nor interested in the event of this cause.

_____
Susanne Ellen Gorman, CSR-9271, RPR
Notary Public,
Oakland County, Michigan.

My commission expires:  September 14, 2029

STATE OF MICHIGAN

# Attorney Discipline Board

FILED
ATTORNEY DISCIPLINE BOARD

2025-Aug-05

GRIEVANCE ADMINISTRATOR,
Attorney Grievance Commission,

    Petitioner,

Case No. 24-81-GA

NICHOLAS A. TSELEPIS, P 80909,

    Respondent.
_____/

## SANCTION REPORT OF UPPER PENINSULA HEARING PANEL #2

**PANEL MEMBERS:**    Thomas P. Casselman, Chairperson
    Richard C. Clark, Member
    Suzanne C. Larsen, Member

**APPEARANCES:**    Pamela I. Linville, Senior Counsel
      for the Grievance Administrator
    Nicholas A. Tselepis, Respondent
      In Pro Per

## I. WITNESSES

Jeffrey T. Rogg
Mary Negro
Chandra Moreno
Aaron Metiva
Kayla Sullivan
Lucy Priess
Logan Diaz-Pons
Cody Marten
Tracee Wittla
Elizabeth Shook
Sabrina Griffus

## II. EXHIBITS

None.

## III. PANEL PROCEEDINGS

On June 3, 2025, the Misconduct Report of Upper Peninsula Hearing Panel #2 was issued. In that report, the Panel found that Respondent committed professional misconduct. Specifically, the Panel found that Respondent was involved in an investigation of the Brian Helfort matter, and subsequently, in his published letter to the editor and email to the Menominee County Democratic Party listserv, made extrajudicial statements regarding those matters that he intended to be disseminated to the citizens of Menominee County. Respondent, by publishing the statements, established a substantial likelihood of materially prejudicing two adjudicative proceedings: the sentencing/plea bargain; and if the bargain was rejected by the court, Helfert withdrew his plea (as he did), and trial was set (as it was), the influencing of future jurors and integrity of the eventual trial itself. Respondent's letter to the editor and email contained statements referring to a criminal matter; referenced the character, credibility, and reputation of a party and an uncharged third party; referenced inadmissible evidence of Defendant Helfert's past criminal record; and referred to Defendant Helfert's guilt without a qualifying reference to his presumption of innocence. The Panel found that Respondent's actions violated MRPC 3.6(a)(4) and (5), as set forth in Count One of the Formal Complaint. The rest of the allegations of misconduct set forth in Count One and Count Two in its entirety were dismissed.

Having made that finding, a sanction hearing was scheduled for July 8, 2025. The Grievance Administrator filed a Sanction Hearing Witness List. Respondent filed a sanction brief.

At the sanction hearing, the Grievance Administrator called Jeffrey Rogg as a witness. Mr. Rogg testified that an injury was caused to the reputation and integrity of the Menominee County Prosecutor's Office by Respondent's actions. (Tr 7/8/25, pp 21-25.) The Grievance Administrator asserted that Respondent violated a duty to the public trust, the violation was intentional and knowing, and there was actual injury. The Grievance Administrator also asserted that the following aggravating factors, as set forth in the American Bar Association Standards for Imposing Lawyer Sanctions, Standard 9.22, are applicable: selfish motive, 9.22(b); pattern of misconduct, 9.22(c); multiple offenses, 9.22(d); lack of remorse, 9.22(g); and substantial experience, 9.22(i). The Grievance Administrator recommended application of ABA Standard 6.32[1] and asked that a 60 to 90-day suspension be imposed.

Respondent called the following witnesses: Mary Negro, Chandra Moreno, Aaron Metiva, Kayla Sullivan, Lucy Priess, Logan Diaz-Pons, Cody Marten, Tracee Wittla, Elizabeth Shook, and Sabrina Griffus. These witnesses testified that Respondent has a good reputation in the communities in which he practiced, that he has good character, and as to the witnesses that he currently or previously represented in criminal matters, that he fought on their behalf for their right to receive fair proceedings and protected their presumption of innocence throughout the

---

[1] ABA Standard 6.32 provides: "Suspension is generally appropriate when a lawyer engages in communication with an individual in the legal system when the lawyer knows that such communication is improper and causes injury or potential injury to a party or causes interference or potential interference with the outcome of the legal proceeding."

2

proceedings. Respondent, both in his brief and at the sanction hearing, denied violating the public trust but admitted that he failed to publicly preserve Defendant Helfert's right to the presumption of innocence until proven guilty. Respondent further argued that this failure was not intentional and knowing, but instead was an act of negligence, that there was only a potential injury, and that the level of such potential injury was relatively low. Respondent also asserted that the following mitigating factors, as set forth in Standard 9.32, are applicable: absence of prior disciplinary record, 9.32(a); lack of selfish motive, 9.32(b); inexperience in the practice of law, in particular as a prosecuting attorney, 9.32(f); good character and reputation, 9.32(g); delay in disciplinary proceedings by the Grievance Administrator, 9.32(j); and substantial experience, 9.22(i). He also asserted that he has no prior disciplinary record and refuted the assertions that there was a pattern of misconduct and/or multiple offenses. Respondent stated that an admonition or reprimand would be warranted under ABA Standard 6.23 or 6.24.[2]

## IV. FINDINGS AND CONCLUSIONS REGARDING SANCTION

Following deliberation, it is this Panel's unanimous decision that Respondent be suspended from the practice of law for 30 days, with a condition requiring Respondent to schedule and undergo a consultation with the Lawyers and Judges Assistance Program (LJAP), to comply with any treatment plan or recommendation(s) LJAP provides as a result of the consultation, and to sign the necessary LJAP waiver to allow the Grievance Administrator to confirm that a consultation was scheduled and completed, and to obtain a copy of the treatment plan or recommendation(s) provided by LJAP as a result of the consultation.

## VI. SUMMARY OF PRIOR MISCONDUCT

None.

---

[2] ABA Standard 6.23 provides that a reprimand "is generally appropriate when a lawyer negligently fails to comply with a court order or rule and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding." ABA Standard 6.24 provides that an admonition "is generally appropriate when a lawyer engages in an isolated instance of negligence in complying with a court order or rule and causes little or no actual or potential injury to a party, or causes little or no actual or potential interference with a legal proceeding."

3

### VII. ITEMIZATION OF COSTS

Attorney Grievance Commission:
    See Itemized Statement filed 07/17/25      $    11.26

Attorney Discipline Board:
| | |
|---|---|
| Hearing held 10/21/24 | $ 170.00 |
| Hearing held 01/27/25 | $ 452.50 |
| Hearing held 04/29/25 | $1,393.00 |
| Hearing held 04/30/25 | $1,366.50 |
| Hearing held 05/01/25 | $ 464.00 |
| Hearing held 05/12/25 | $ 150.00 |
| Hearing held 07/08/25 | $ 904.50 |

Administrative Fee      $1,500.00

**TOTAL**      **$6,411.76**

**ATTORNEY DISCIPLINE BOARD**
Upper Peninsula Hearing Panel #2

By: _/s/ Thomas P. Casselman_
Thomas P. Casselman
Chairperson

By: _/s/ Richard C. Clark_
Richard C. Clark
Member

By: _/s/ Suzanne C. Larsen_
Suzanne C. Larsen
Member

Dated: August 5, 2025

4

STATE OF MICHIGAN

FILED
ATTORNEY DISCIPLINE BOARD

## Attorney Discipline Board

2025-Aug-05

GRIEVANCE ADMINISTRATOR,
Attorney Grievance Commission,

    Petitioner,

v

Case No. 24-81-GA

NICHOLAS A. TSELEPIS, P 80909,

    Respondent.
_____/

### ORDER OF SUSPENSION WITH CONDITIONS

Issued by the Attorney Discipline Board
Upper Peninsula Hearing Panel #2

Thomas P. Casselman, Chairperson
Richard C. Clark, Member
Suzanne C. Larsen, Member

This matter is before the panel upon the filing of Formal Complaint 24-81-GA, charging that respondent has committed acts of professional misconduct warranting discipline. The panel has reported its findings and conclusions as to misconduct and discipline;

**NOW THEREFORE,**

**IT IS ORDERED** that respondent's license to practice law in Michigan is **SUSPENDED FOR 30 DAYS, EFFECTIVE AUGUST 27, 2025**, and until respondent's filing of an affidavit of compliance with the Attorney Discipline Board and the Attorney Grievance Commission in accordance with MCR 9.123(A).

**IT IS FURTHER ORDERED** that respondent is subject to the following conditions:

1. Respondent shall, within 30 days of the effective date of the order of discipline, schedule and undergo a consultation with the Lawyers and Judges Assistance Program (LJAP);

2. Respondent shall comply with any treatment plan or recommendation(s) LJAP provides as a result of the consultation; and,

      3. Within thirty (30) days of the LJAP consultation Respondent shall sign the necessary LJAP waiver to allow the Grievance Administrator to confirm that a consultation was scheduled and completed, and to obtain a copy of the treatment plan or recommendation(s) provided by LJAP as a result of the consultation.

**IT IS FURTHER ORDERED** that from the date of this order and until reinstatement in accordance with the applicable provisions of MCR 9.123, respondent is forbidden from practicing law in any form; appearing as an attorney before any court, judge, justice, board, commission or other public authority; or holding himself out as an attorney by any means.

**IT IS FURTHER ORDERED** that, in accordance with MCR 9.119(A), respondent shall, within seven (7) days of this order, notify all of his active clients, in writing, by registered or certified mail, return receipt requested, of the following:

      1. the nature and duration of the discipline imposed;

      2. the effective date of such discipline;

      3. respondent's inability to act as an attorney after the effective date of such discipline;

      4. the location and identity of the custodian of the clients' files and records which will be made available to them or to substitute counsel;

      5. that the clients may wish to seek legal advice and counsel elsewhere; provided that, if respondent was a member of a law firm, the firm may continue to represent each client with the client's express written consent;

      6. the address to which all correspondence to respondent may be addressed.

**IT IS FURTHER ORDERED** that in accordance with MCR 9.119(B), respondent must, on or before the date of this order, in every matter in which respondent is representing a client in litigation, file with the tribunal and all parties a notice of respondent's disqualification from the practice of law.

**IT IS FURTHER ORDERED** that, respondent shall, within fourteen (14) days of this order, file with the Grievance Administrator and the Attorney Discipline Board an affidavit of compliance as required by MCR 9.119(C).

**IT IS FURTHER ORDERED** that respondent's conduct after the entry of this order shall be subject to the restrictions set forth in MCR 9.119(D); and respondent's compensation for legal services shall be subject to the restrictions described in MCR 9.119(F).

**IT IS FURTHER ORDERED** that respondent shall, on or before **August 27, 2025**, pay costs in the amount of **$6,411.76**. Please refer to the attached cost payment instruction sheet for method and forms of payment accepted.

**ATTORNEY DISCIPLINE BOARD**
Upper Peninsula Hearing Panel #2

By: *[signature]*

Thomas P. Casselman
Chairperson

By: *[signature]*

Richard C. Clark
Member

By: *[signature]* Suzanne C. Larsen

Suzanne C. Larsen
Member

Dated: August 5, 2025

3